UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

CLEAR CHANNEL OUTDOOR, LLC,

                             Plaintiff,                         **ORDER**

        -against-                                 20 Civ. 9296 (NSR) (AEK)

CITY OF NEW ROCHELLE, et al.,

                             Defendants.
------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

      In letters submitted at ECF Nos. 82, 92, 93, and 94 and as discussed at the December 3, 2021 status conference, Plaintiff has raised the prospect of filing a motion for partial summary judgment as to Count IX of its complaint. By order dated December 3, 2021, *see* ECF No. 91, Judge Román amended the order of reference in this case to include a reference for a dispositive motion, *i.e.*, Plaintiff's contemplated motion for partial summary judgment. In their letter of December 15, 2021, Defendants argue that "it would make more sense to complete discovery first and then have the parties each file a single motion for summary judgment *after* discovery concludes," *see* ECF No. 92, and note that the parties are not in agreement on having the motion referred for all purposes to the undersigned for decision.

      The Court interprets Judge Román's amended order of reference as a grant of permission to Plaintiff to file the contemplated motion for partial summary judgment. That does not, however, definitively answer the question of whether it is efficient or sensible for Plaintiff to file the motion. The current civil case discovery plan and scheduling order calls for completion of all discovery on or before May 14, 2022, *see* ECF No. 78, though that discovery deadline has been extended numerous times already despite the parties' agreement that "this matter should be

litigated on an expedited schedule," *id.* ¶ 13.  The time required to brief the contemplated motion for summary judgment, receive a decision from the undersigned, submit objections to Judge Román pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, and receive a final disposition from Judge Román, will likely extend well beyond the deadline for completion of discovery.  Moreover, the parties clearly have a dispute as to whether further discovery is necessary before the Court should address any motion with respect to Count IX.  While the Court has not formed any view as to the merits of this argument, there is certainly a possibility that one of Defendants' responses to a motion for partial summary judgment at this stage of the litigation will be to invoke Rule 56(d) of the Federal Rules of Civil Procedure, if Defendants believe they can show that they "cannot present facts essential to justify [their] opposition" without further discovery.  Nevertheless, because Plaintiff already has been authorized to file this motion for partial summary judgment, the Court sets the following schedule for submissions:

- Plaintiff must file its motion for partial summary judgment as to Count IX of the complaint on or before December 27, 2021.
- Defendant must file their opposition to the motion for partial summary judgment on or before January 26, 2022.
- Plaintiff must file its reply in further support of its motion on or before February 9, 2022.

With respect to the discovery issues identified in the parties' letters of December 15 and December 17, the Court largely will reserve rulings until the conference currently scheduled for January 10, 2022.  Because there are a number of substantive disputes to address, that conference will now take place in person in Courtroom 250.

In advance of that conference, the parties must take the following additional steps with respect to the disputed items:

- Defendants must search the entirety of Kathleen Gill's emails from the time she was appointed Interim Commissioner of Development using the broader search terms previously used in this case. This is consistent with Defendants' proposal to Plaintiff as reported in the December 17 letter. To be clear, this is not meant to suggest that the Court is foreclosing the possibility of additional requirements with respect to Ms. Gill, but the Court will require this step to be taken at a minimum, so there is no reason to delay that work. Defendants must be prepared to report on the results of these searches at the January 10, 2022 conference, and must have conducted a preliminary review of the search results to be able to give a clear idea of what is included.
- With respect to the "exemplar documents," Defendants are ordered to produce exemplar copies of one annual financial report, one quarterly financial report, and one monthly financial report no later than December 30, 2021.
- With respect to the privilege log, the parties are each directed to provide paper copies of their privilege logs to the Court no later than January 4, 2022. To the extent there are still outstanding issues regarding the categories of privileged documents discussed in the December 15 and December 17 letters as of the date of the January 10, 2022

conference, the Court anticipates directing the parties to provide examples of the disputed documents for *in camera* review by January 14, 2022.

Dated: December 17, 2021
      White Plains, New York

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge