UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------- X
: 
CLEAR CHANNEL OUTDOOR, LLC, :
:
      *Plaintiff*, :
:
  v. :
: Case No. 7:20-cv-9296-NSR-AEK (Lead)
CITY OF NEW ROCHELLE; :
KATHLEEN GILL, *in her official* :
*capacity as Acting Commissioner of* :
*Development*; *and* PAUL VACCA, *in his* :
*official capacity as Building Official*, :
:
      *Defendants*. :
:
---------------------------------------------------- X
:
VECTOR MEDIA, LLC, :
:
      *Plaintiff*, :
:
  v. :
: Case No. 7:21-cv-00266-NSR-AEK (Related)
CITY OF NEW ROCHELLE; :
KATHLEEN GILL, *in her official* :
*capacity as Acting Commissioner of* :
*Development*; *and* PAUL VACCA, *in his* :
*official capacity as Building Official*, :
*Defendants*. :
:
---------------------------------------------------- X

## **REMOTE DEPOSITION PROTOCOL**

The Plaintiff(s) and Defendant(s) (collectively, the "Parties") jointly stipulate to the following protocol for conducting depositions via remote means in the above-captioned matter:

1.    Upon agreement of the parties or order of the Court, depositions may be conducted remotely using videoconference technology.

2. The Parties agree to use Veritext for court reporting, videoconference, and remote deposition services. The Parties agree that a Veritext employee may attend each remote deposition to video record the deposition, troubleshoot any technological issues that may arise, and administer the virtual breakout rooms.

3. The Parties agree that remote depositions may be used at a trial or hearing to the same extent that an in-person deposition may be used at trial or hearing, and the Parties agree not to object to the use of a video recorded deposition on the basis that the deposition was taken remotely. The Parties reserve all other objections to the use of any deposition testimony at trial.

4. The deponent, court reporter, and counsel for the Parties will each participate in the videoconference deposition remotely. The deponent, the attorneys taking and defending the deposition, and the court reporter shall be visible to all other participants, their statements shall be audible to all participants, and they should each strive to ensure their environment is free from noise and distractions.  Other than the deponent, counsel asking the questions and counsel defending the deposition, to preserve bandwidth and avoid distractions, all other persons attending the deposition shall have their video turned off and microphones muted unless they are speaking.

5. Consistent with Local Civil Rule 30.4 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, no counsel shall initiate a private conference, including through text message, electronic mail, or the chat feature in the videoconferencing system, with any deponent while a question is pending, except for the purpose of determining whether a privilege should be asserted.

6. During breaks in the deposition, the Parties may use the breakout room feature provided by Veritext, which simulates a live breakout room through videoconference.

Conversations in the breakout rooms shall not be recorded. The breakout rooms shall be established by Veritext prior to the deposition and controlled by Veritext.

7. Remote depositions shall be recorded by stenographic means consistent with the requirements of Rule 30(b)(3) of the Federal Rules of Civil Procedure, but given the COVID-19 pandemic, the court reporter will not be physically present with the witness whose deposition is being taken. The Parties agree not to challenge the validity of any oath administered by the court reporter, even if the court reporter is not a notary public in the state where the deponent resides.

8. The court reporter will stenographically record the testimony, and the court reporter's transcript shall constitute the official record. If the deposition is video recorded, Veritext will simultaneously videotape the deposition and preserve the video recording. The court reporter may be given a copy of the video recording and may review the video recording to improve the accuracy of any written transcript.

9. The Parties agree that the court reporter is an "Officer" as defined by Rule 28(a)(2) of the Federal Rules of Civil Procedure and shall be permitted to administer the oath to the witness via the videoconference. The deponent will be required to provide government issued identification satisfactory to the court reporter, and this identification must be legible on the video record.

10. The Party that noticed the deposition shall be responsible for procuring a written transcript of the remote deposition. The Parties shall bear their own costs in obtaining a transcript and/or video recording of the deposition, provided however that nothing in this Protocol shall preclude a party from seeking its fees and costs under any applicable statute, rule, or agreement.

11. The Party that noticed the deposition shall provide Veritext with a copy of this Stipulation and Order at least 24 hours in advance of the deposition.

12. At the beginning of each deposition, consistent with Rule 30(b)(5)(A) of the Federal Rules of Civil Procedure, the Veritext employee responsible for videorecording the deposition shall begin the deposition with an on-the-record statement that includes: (i) the officer's name and business address; (ii) the date, time, and place of the deposition; (iii) the deponent's name; (iv) the officer's administration of the oath or affirmation to the deponent; and (v) the identity of all persons present.

13. At the beginning of each segment of the deposition, consistent with Rule 30(b)(5)(B) of the Federal Rules of Civil Procedure, the Veritext employee responsible for video-recording the deposition shall begin that segment of the remote deposition by reciting (i) the officer's name and business address; (ii) the date, time, and place of the deposition; and (iii) the deponent's name.

14. The Parties agree to work collaboratively and in good faith with Veritext to assess each deponent's technological abilities and to troubleshoot any issues at least 48 hours in advance of the deposition so any adjustments can be made. The Parties also agree to work collaboratively to address and troubleshoot technological issues that arise during a deposition and make such provisions as are reasonable under the circumstances to address such issues. If the deponent, the court reporter, or the questioning or defending attorney are disconnected for any reason, the deposition shall immediately go off the record until the connection is restored. This provision shall not be interpreted to compel any Party to proceed with a deposition where the deponent cannot hear or understand the other participants or where the participants cannot hear or understand the deponent.

15. It is the responsibility of counsel for the deponent to use their best efforts to ensure that the deponent has technology sufficient to appear for a videotaped deposition (e.g., a webcam

and computer or telephone audio) and bandwidth sufficient to sustain the remote deposition. Counsel for each deponent shall consult with the deponent prior to the deposition to ensure the deponent has the required technology. If not, counsel for the deponent shall endeavor to supply the required technology to the deponent prior to the deposition. In the case of third-party witnesses, counsel noticing the deposition shall supply any necessary technology that the deponent does not have.

16. The Parties agree that this Stipulation and Order applies to remote depositions of non-parties under Rule 45 of the Federal Rules of Civil Procedure, and shall work in a collaborative manner in attempting to schedule remote depositions of non-parties. The Party noticing any non-party deposition shall provide this Stipulation and Order to counsel for any non-party under Rule 45 within a reasonable time before the date of the deposition.

17. The Parties agree that the following method for administering exhibits shall be employed during a remote deposition:

(i) Counsel noticing the deposition shall send physical copies of documents that may be used during the deposition to the deponent and the deponent's counsel. The documents shall be collected in one or more binders with numbered tabs separating each document for ease of identification. Such documents shall be delivered by 12:00 p.m. ET the business day before the deposition, and noticing counsel shall provide tracking information for the package. Counsel for the deponent shall confirm receipt of the package by electronic mail to counsel noticing the deposition. Every recipient of a physical package shall keep the package sealed until the deposition begins and shall only unseal the package on the record, on video, and during the deposition when directed to do so by the counsel

taking the deposition. This same procedure shall apply to any physical copies of documents any other counsel intends to use for examining the witness.

(ii) Counsel noticing the deposition shall also send electronic copies of the documents that may be used during the deposition via electronic mail or file transfer protocol ("FTP") to the deponent, the deponent's counsel, the other Party's counsel, and the court reporter. Electronic copies of exhibits shall include in the file name the tab number of the corresponding exhibit in physical binder. The electronic copies shall be delivered by 5:00 p.m. ET the day before the deposition. Counsel for the deponent, the other Party's counsel, and the court reporter shall confirm receipt of the electronic copies by electronic mail to counsel noticing the deposition. The electronic copies shall be password protected, and counsel taking the deposition shall supply the password via electronic mail no later than 9:00 a.m. the morning of deposition. Every recipient of the electronic copies may download, but shall not open, any electronic exhibit until the deposition begins and when directed to do so by the counsel taking the deposition. If sending documents by electronic mail, counsel will be mindful of file size limitations, which presumptively should be less than 50 MB. Larger files should be sent in multiple emails or via FTP.

(iii) The above provisions shall not preclude an attorney from questioning a witness about a document not provided in advance of the deposition if use of the document was not reasonably anticipated or if the document was inadvertently omitted. In that event, the attorney who wishes to use the document shall send a copy to the deponent, the deponent's counsel, the other Party's counsel, and the court reporter by electronic mail, and the deponent shall, if requested, be provided time to print a physical copy of the document.

        (iv)    Counsel may introduce exhibits during the deposition by identifying the tab of the document on the record, by using the Veritext document-sharing technology, by using the screen-sharing technology within the videoconferencing platform, or by sending the exhibit to the deponent and all individuals on the record via electronic mail.

        (v)    The Parties may modify any of these requirements by agreement.

18.    All deponents receiving documents before or during a deposition, pursuant to Paragraph 17 above, shall return the documents to the counsel who sent them originally, within two business days following the completion of the deposition, and shall not retain them in any manner. Counsel noticing the deposition shall include a pre-paid return shipping label in any physical package of documents sent to a deponent.

19.    Counsel for the Parties may keep any document or exhibit sent to Counsel or used during the deposition consistent with the Stipulated Protective Order entered in this case.

20.    Counsel noticing the deposition shall provide any counsel for third-party witnesses with a copy of the Parties' Stipulated Protective Order. Counsel for third-party witnesses may keep any document used during the deposition in accordance with the Stipulated Protective Order, and shall return or destroy any documents not used during the deposition to the counsel who sent them originally, within two business days following the completion of the deposition, and shall not retain them in any manner.

[*Signatures on next page*]

STIPULATED TO:

/s/  Gordon D. Todd
Gordon D. Todd
*Counsel for Clear Channel Outdoor, LLC*

/s/  Darius P. Chafizadeh
Darius P. Chafizadeh
*Counsel for Defendants*

/s/  Brian A. Katz
Brian A. Katz
*Counsel for Vector Media, LLC*

Dated:  March 28, 2022
        White Plains, New York

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge