USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __10/20/2022__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CLEAR CHANNEL OUTDOOR, LLC

                       Plaintiff,

   -against-

CITY OF NEW ROCHELLE, *et al.*,

                       Defendants.

No. 20-cv-9296 (NSR) (AEK)
**ORDER & OPINION ADOPTING REPORT AND RECOMMENDATION IN PART AND REVERSING IN PART**

---

NELSON S. ROMÁN, United States District Judge:

Plaintiffs Clear Channel Outdoor, LLC ("Clear Channel") and Vector Media, LLC[1] (together, "Plaintiffs") bring this action against the City of New Rochelle (the "City"); Luiz Aragon, in his official capacity as Commissioner of Development; and Paul Vacca, in his official capacity as Building Official (collectively, the "Defendants"), asserting various claims related to the New Rochelle City Code and a September 2020 order requiring that Plaintiffs remove several billboards from the City. (ECF No. 1 ("Compl.")). This case was referred to Magistrate Judge Andrew E. Krause ("Judge Krause"), pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b)(1).

On September 9, 2022, Judge Krause issued a Report and Recommendation ("R&R") on Plaintiffs' motion for partial summary judgment on Count IX of the Complaint, which seeks declaratory judgment regarding the scope of New Rochelle Code § 270-16 (the "Billboard Ordinance"), as well as a permanent injunction against Defendants' application of the

---

[1] Clear Channel filed its complaint on November 5, 2020. Vector Media, LLC filed a related complaint on January 12, 2021, asserting various state and federal claims against Defendants, including claims analogous to those brought by Clear Channel. *See* Complaint, *Vector Media, LLC v. City of New Rochelle, et al.*, No. 21-cv-266 (NSR) (AEK) (S.D.N.Y. Jan. 12, 2021), ECF No. 1. On May 13, 2021, Magistrate Judge Andrew E. Krause so-ordered a stipulation signed by counsel for Vector Media, LLC, Clear Channel, and Defendants, consolidating the lawsuits filed by Clear Channel and Vector for all purposes pursuant to Fed. R. Civ. P. 42(a)(2), and designating the action filed by Clear Channel as the lead. (*See* ECF No. 60.)

Billboard Ordinance against its billboards built or enlarged after March 20, 2001. (ECF No. 97.) In the R&R, Judge Krause recommends denying the motion solely because he deemed that Defendants raised a triable issue of fact regarding their affirmative defense of laches with respect to Count IX. (R&R at 1.)

For the reasons articulated below, the Court reverses the R&R's finding that Defendants can raise an affirmative defense of laches on Count IX, and therefore, grants Plaintiffs' summary judgment motion as against Count IX of the Complaint. The Court adopts the other portions of the R&R.

## BACKGROUND

The Court presumes familiarity with the factual and procedural background of this case. Further facts can be found in the R&R. (*See* ECF No. 170.)

On December 17, 2021, Clear Channel was granted a briefing schedule on its motion for partial summary judgment as to Count IX of the Complaint, while discovery was still being undertaken. (*See* ECF No. 96.) Count IX of the Complaint seeks declaratory judgment over the scope of the Billboard Ordinance—specifically, Plaintiffs seek a declaration as to whether five of their billboards located within the City limits along the Interstate 95 corridor (the "I-95 Billboards") are subject to the Billboard Ordinance, which in relevant part, requires removal by December 31, 2020 of certain billboards which existed on March 20, 2001, without any enlargement at any time thereafter. (Compl. ¶¶ 166–72.) *See* New Rochelle Code § 270-16. As explained more fully in the R&R, in September 2020, the City ordered Clear Channel to remove its billboards, including the I-95 Billboards, pursuant to the Billboard Ordinance and soon after amended the Billboard Ordinance to impose daily and escalating fines for failing to remove billboards after receiving notice from a City official. (*See* R&R at 7.)

Vector Media LLC joined Clear Channel's partial summary judgment motion on December 29, 2021, asserting that its claims are based on the same arguments set forth by Clear Channel in its motion. (*See* ECF No. 27.) The parties completed their briefing on their partial summary judgment motion by February 16, 2022, though discovery was still ongoing at that time. Because Clear Channel represented that the motion for partial summary judgment could be decided without a complete record, Judge Krause did not permit the parties to file supplemental briefing based on additional discovery that came to light while the motion was pending. (*See* R&R at 10.)

Judge Krause issued the R&R on September 9, 2022. First, Judge Krause addressed the parties' arguments regarding whether under a prior stipulation of settlement,[2] entered on October 16, 2000 (the "Stipulation"), the I-95 Billboards should be construed as having existed at the time of entry of the Stipulation, even if they were in fact built or enlarged afterwards. (R&R 12–17.) After determining that the I-95 Billboards could not be read as having existed at the time of entry of the Stipulation, and noting that the parties do not dispute that the I-95 Billboards were actually constructed or enlarged after March 20, 2001, Judge Krause determined that the Billboard Ordinance, therefore, does not apply to those billboards. (*Id*. at 17, 19.) However, Judge Krause nonetheless denied Plaintiffs' partial summary judgment motion after determining that Defendants raised a triable issue of fact regarding their affirmative defense of laches. (*Id*. at 21–28.) Defendants based their laches defense on the fact that Plaintiffs did not bring suit when the City issued a Request for Proposals ("RFP") in 2015 or 2016 from advertising media firms to develop advertisements within the City, including billboards on the I-95 corridor, and which purportedly

---

[2] On June 2, 1998, Plaintiffs' predecessors-in-interest and other outdoor advertising companies filed a lawsuit challenging the constitutionality of Chapter 270 of the New Rochelle City Code, which required removal of all "off-premises" billboards located anywhere within the City. (*See* R&R at 2.) The parties resolved their lawsuit by entering into a settlement agreement, which was entered on October 16, 2000.

made clear that the then-current billboards on I-95 would have to be removed by January 1, 2021. (R&R at 22.) Finally, Judge Krause rejected other affirmative defenses raised by Defendants, including equitable estoppel. (*Id.* at 28–33.)

The parties timely filed objections to the R&R on September 23, 2022, and timely filed responses to the objections on October 7, 2022.[3]  (ECF Nos. 177–78, 185–87).

## LEGAL STANDARD

A magistrate judge may "hear a pretrial matter dispositive of a claim or defense" if so designated by a district court. *See* Fed. R. Civ. P. 72(b)(1); 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2), (3). However, "[t]o accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *see also Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial

---

[3] On October 14, 2022, Plaintiffs filed a "Reply in Support of its Objection to the Report and Recommendation on the Motion for Partial Summary Judgment." (ECF No. 189.) The Court considers this filing to be an improper sur-reply, given that such filings are not authorized under Fed. R. Civ. P. 72(b), nor did Plaintiffs seek leave to file. Therefore, the Court will not consider the arguments presented in that sur-reply.

review of the magistrate's decision.") (quoting *Small v. Sec. of HHS*, 892 F.2d 15, 16 (2d Cir. 1989)); Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.")).

To the extent a party makes specific objections to an R&R, a district court must review those parts *de novo*. 28 U.S.C. 636(b)(1)(C); Fed. R. Civ. P. 72(b); *United States v. Mate Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). In *de novo* review, district courts must consider the "[r]eport, the record, applicable legal authorities, along with Plaintiff's and Defendant's objections and replies." *Diaz v. Girdich*, No. 04-cv-5061, 2007 WL 187677, at *1 (S.D.N.Y. Jan. 23, 2007) (internal quotation marks omitted). But to the extent "a petition makes only general and conclusory objections . . . or simply reiterates the original arguments, the district court will review the report and recommendations strictly for clear error." *Harris v. Burge*, No. 04-cv-5Q66, 2008 WL 772568, at *6 (S.D.N.Y. Mar. 25, 2008). The distinction turns on whether a litigant's claims are "clearly aimed at particular findings in the magistrate's proposal" or are a means to take a "'second bite at the apple' by simply relitigating a prior argument." *Singleton v. Davis*, No. 03-cv-1446, 2007 WL 152136, at *1 (S.D.N.Y. Jan. 18, 2007) (citation omitted).

In addition, the Court will not consider new arguments that could have been raised before Judge Krause. *See United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (citations omitted).

## DISCUSSION

5

Defendants agree with the R&R's determination on laches, but challenge most of the other portions of the R&R. Defendants argue that Judge Krause erred by (i) finding that the Stipulation and Board Ordinance's unambiguous language does not apply to Plaintiff's I-95 Billboards; (ii) failing to consider extrinsic evidence showing that Clear Channel purportedly understood that it needed to remove its I-95 Billboards as of December 31, 2020; and (iii) rejecting Defendant's affirmative defense under equitable estoppel. (*See* ECF No. 177 ("Defs.' Objections"), at 14–21.)[4]

Plaintiffs, on the other hand, only contest Judge Krause's determination that there is a material issue of fact regarding whether Defendants may raise an affirmative defense of laches. (*See* ECF No. 178 ("Pl.'s Objections") at 5.) Plaintiffs argue that laches is unavailable to Defendants because: "(i) the City waived any timeliness defense in the Stipulation; (ii) equitable defenses are unavailable to Count IX, which sounds in law; (iii) the City's unclean hands preclude equitable defenses; (iv) the City's failure to prove equitable estoppel means it necessarily cannot prevail on its laches defense; and (v) the City has failed to point to any evidence that could show that it has been prejudiced." (*Id*. at 5–6.) Plaintiffs do not contest any other portions of the R&R.

For the reasons articulated below, the Court adopts Judge Krause's R&R except with respect to its finding that Defendants can raise an affirmative defense of laches. Therefore, the Court grants Plaintiffs' partial summary judgment motion.

### A. Interpretation of the Stipulation

In order to resolve the central question presented in the partial motion for summary judgment—whether the Billboard Ordinance covers Plaintiffs' I-95 Billboards—the R&R first assessed whether the Billboards were considered to have been in existence at the time of the entry

---

[4] Defendants also argue that Clear Channel's billboards are also prohibited by zoning law. The Court notes that such arguments are inappropriate at this stage given that they were not previously raised and are beyond the scope of Count IX. In addition, Defendants themselves recognize that such argument was not before Judge Krause. Therefore, the Court will not consider Defendants' arguments pertaining to zoning law.

of the Stipulation (October 16, 2000). The Billboard Ordinance, in relevant part, requires that the following billboards be removed on or before December 31, 2020: "[a] legally existing billboard, solely in the same location and with the same sign area and height of sign which existed on March 20, 2001, without any enlargement at any time thereafter permitted . . ." New Rochelle Code § 270-16. The parties do not dispute that factually speaking, four of the I-95 Billboards were constructed between 2003 and 2005, and that the fifth billboard was enlarged at some point after March 20, 2001. *See* Pl.'s 56.1 Statement ¶¶ 14–15, 17–20, 22–24, 26, 32–33, 35–38. The parties disagree, however, on whether the parties agreed under the Stipulation that the five I-95 Billboards should nonetheless be considered to have existed by October 16, 2022, which is the date of entry of the Stipulation.

Using contractual interpretation principles under New York law, Judge Krause determined that the Stipulation is unambiguous, and that under its clear language, the I-95 Billboards are "Remaining Billboards" and therefore are not to be treated to have existed as of the date of the entry of the Stipulation (October 16, 2000). (R&R at 14.) The Stipulation defines "Remaining Billboards" as "Existing Billboards, any new Billboards permitted to be erected in the I-95 Corridor pursuant to this Stipulation, and such of the Contingent Billboards as are permitted to remain pursuant to [the] Stipulation." (R&R at 15.) *See* Stipulation ¶ 1(p). Judge Krause determined that the definition necessarily encompasses Billboards not existing at the time of the Stipulation's entry, because an understanding to the contrary would render "Existing Billboards" —a separate term used to define a set of structures that existed as of the date of the Stipulation— as superfluous. (R&R at 15–16.) *See* Stipulation ¶ 1(h). Finding that the relevant language of the Stipulation is unambiguous, Judge Krause also rejected Defendants' attempt to introduce extrinsic evidence to evaluate the meaning of the Stipulation. (R&R at 17.) Judge Krause found that even

7

if the extrinsic evidence was considered, such evidence is of limited utility to the interpretation of the Stipulation because it involves communications that occurred at least 16 years after the Stipulation was entered and is between and among Clear Channel personnel not involved in the negotiation of the Stipulation.  (R&R at 18.)

In their objections, Defendants first restate their argument presented in their opposition on the motion for partial summary judgment that because all billboards authorized under the Stipulation's terms are "Remaining Billboards," then this means that (i) the parties agreed that "Remaining Billboards" would be treated as legally existing as of the entry of the Stipulation, and that (ii) had the parties wished otherwise, they could have easily excluded I-95 Billboards from the "Remaining Billboards" definition or included specific language deeming them as legally existing when actually erected.  (*See* ECF No. 115 (Defs.' Opposition to Partial Summary Judgment Motion) at 9–10; Defs.' Objections at 12.)  Defendants cannot get a "second bite at the apple" by attempting to simply rehash their arguments. *Singleton*, 2007 WL 152136, at *1 (ECF No. 120 at 5 (Pl.'s Reply in Support of Partial Motion for Summary Judgment ("MSJ Reply")).  The Court therefore must review whether Judge Krause made clear error on this issue.  *Id*.  Reviewing Judge Krause's analysis, this Court finds no clear error and agrees that under the clear terms of the Stipulation, the I-95 Billboards are not to be treated as legally existing as of October 16, 2000.

Defendants also object to Judge Krause's rejection of their attempt to introduce extrinsic evidence in order to argue that the Stipulation was ambiguous.  (Defs.' Objections at 14–19.)  Defendants seek to offer the extrinsic evidence, consisting of communications among and with Clear Channel employees, to show that the parties "mutually operated on the understanding that the Stipulation and Code required removal of the I-95 Billboards as of December 31, 2020."  (R&R

8

at 14.) However, as correctly pointed out by Plaintiffs, Defendants do not identify any provision of the Stipulation that should be considered ambiguous, and instead, asks the Court to read ambiguity into the otherwise clear terms of the Stipulation. (ECF No. 187.) Doing so is contrary to New York law, because "the presence or absence of ambiguity is determined by looking within the four corners of the document, without reference to extrinsic evidence." *Chapman v. N.Y. State Div. for Youth,* 546 F.3d 230, 236 (2d Cir. 2008). Moreover, "extrinsic evidence cannot be considered in order to create an ambiguity." *Direxion Shares, ETF Tr. v. Leveraged Innovations L.L.C.,* 14 Civ. 1777 (KBF), 2014 WL 6469084, at *5 (S.D.N.Y. Nov. 18, 2014. The Court therefore agrees with the R&R's determination that extrinsic evidence should not be considered in forder to create ambiguity in the Stipulation, as the Court considers the relevant language to be clear and unambiguous.

### B. Interpretation of the Billboard Ordinance

Having concluded that the I-95 Billboards cannot be construed to have existed as of the date of entry of the Stipulation, but instead existed as of the date they were built or modified, Judge Krause therefore determined, upon a plain reading of the Billboard Ordinance, that the Billboard Ordinance did not require the removal of the I-95 Billboards. (R&R at 19.)

The Court agrees. The Billboard Ordinance, by its own terms, applies to billboards "which existed on March 20, 2001 without any enlargement at any time thereafter permitted." New Rochelle Code § 270-16(A). The parties do not dispute that four out of five of the I-95 Billboards did not actually exist on March 20, 2001, and that the fifth I-95 Billboard was enlarged after March 20 2001. *See* Pl.'s 56.1 Statement ¶¶ 12, 14–15, 17–20, 22–24, 26–29, 31–33, 35–38. The Billboard Ordinance says nothing about billboards erected or enlarged after March 20, 2001, and therefore the Court construes such billboards to be excluded from the scope of the Billboard

Ordinance. *See Town of Aurora v. Vill. of E. Aurora*, 32 N.Y.3d 366, 372–73 (2018) ("[W]here a law expressly describes a particular act, thing or person to which it shall apply, an irrefutable inference must be drawn that what is omitted or not included was intended to be omitted or excluded.") (internal citation and quotation omitted (modification in original).

In their objections, Defendants restate their erroneous arguments that because the I-95 Billboards should be treated as having come into existence as of the date of the entry of the Stipulation, that they are therefore covered by the Billboard Ordinance. (*See* Defs.' Objections at 12.) As previously discussed, the I-95 Billboards cannot be construed to have existed as of the date of the entry of the Stipulation, and therefore, Defendants' argument fails. *See supra*.[5]

### C. Affirmative Defense of Laches

Plaintiffs' sole objection to the R&R is the determination that Defendant raises a triable issue of fact with respect to its affirmative defense of laches with respect to Count IX. Plaintiffs argue that laches is unavailable to Defendants because: (i) Defendants waived any timeliness defense in the Stipulation; (ii) equitable defenses are unavailable to Count IX, which sounds in law; (iii) Defendants' unclean hands preclude equitable defenses; (iv) Defendants' failure to prove equitable estoppel means they necessarily cannot prevail on its laches defense; and (v) Defendants failed to point to any evidence that could show that it has been prejudiced. (Pl.'s Objections at 5–6.)

Laches "is an equitable defense that bars a plaintiff's . . . claim where he is guilty of unreasonable and inexcusable delay that has resulted in prejudice to the defendant. *Upstate New*

---

[5] In addition, even though the R&R had already determined that Defendants' argument that New Rochelle Code § 270-4 requires removal was beyond the scope of the instant partial summary judgment, Defendants nonetheless re-offer those arguments. (*See* R&R 19 n.15; Defs.' Objections at 13–15.) The Court, however, will reject such attempts, and agrees with Judge Krause that Defendants' argument is beyond the scope of this motion, which pertains to the scope of New Rochelle Code § 270-16. In any event, as Plaintiffs correctly point out, a plain reading of New Rochelle Code § 270-4, expressly allows billboards that are permitted pursuant to the Stipulation. *See* New Rochelle Code § 270-4 (E)(1).

*York Engineers Health Fund v. John F. & John P. Wenzel Contractors, Inc.*, No. 517CV0570LEKDEP, 2019 WL 1208230, at *10 (N.D.N.Y. Mar. 14, 2019) (citing *Ikelionwu v. United States*, 150 F.3d 233, 237 (2d Cir. 1998)).  "[A] party asserting the affirmative defense of laches—in this case, the Borders—has the burden to demonstrate two independent elements: (1) unreasonable delay; and (2) prejudice."  *Howard Univ. v. Borders*, No. 20-CV-4716 (LJL), 2022 WL 602829, at *15 (S.D.N.Y. Mar. 1, 2022).  To establish "unreasonable delay," Defendants have the burden to prove that Plaintiffs were "aware of [its] claim and inexcusably delayed in taking action."  *Id*. (internal quotation and citation omitted).  "The opposing party need not have had actual knowledge of the claim; rather, it is sufficient that the opposing party should have known."  *Id*.

For the reasons articulated below, the Court finds that Judge Krause erred when determining that the Stipulation did not waive a laches defense.

The relevant portion of the Stipulation reads as follows:

> If, at any time after December 31, 2020 a City code, rule or regulation would require the removal of one or more of the Remaining Billboards without the payment of just compensation, nothing, including without limitation the dismissal of claims pursuant to this Stipulation, this Stipulation, the entry of this Stipulation, or any applicable statute of limitations, shall prevent [Plaintiffs] from challenging such City code, statute or regulation.

Stipulation ¶ 10

Judge Krause found that Plaintiffs strained the plain language of the Stipulation by reading it as expressly prohibiting Defendants from raising a laches defense, because a "laches defense is not an assertion that a lawsuit could not be filed at all; rather, it is a claim that the suit should have been initiated at an earlier point in time so as to not prejudice the defendants."  (R&R at 23–24.) Plaintiffs object, stating that the plain language of the Stipulation's phrase, "nothing, including without limitation" includes a defense of laches, and "laches, if found to apply, *would* prevent

11

[Plaintiffs] from enforcing [their] rights under the Stipulation and the Billboard Ordinance." (Pl.'s Objection at 10 (emphasis in original) (citing *Dziennik v. Sealift, Inc.*, No. 04-CV-1244 DLI MDG, 2013 WL 5502916, at *10 (E.D.N.Y. Sept. 30, 2013) (considering whether affirmative defense of laches "bars a lawsuit")). Because Plaintiffs provide a specific objection to the R&R's determination that a laches defense "would not prevent" Plaintiffs from challenging a City code, the Court will apply *de novo* review of this issue.

Upon the Court's independent review, the Court determines that because a laches defense is capable of barring a lawsuit, such defense should have been read as being waived under the Stipulation. *See Cont'l Cas. Co. v. Emps. Ins. Co. of Wausau*, 871 N.Y.S.2d 48, 55 (1st Dep't. 2008) ("Courts have invoked the [laches] doctrine to prevent stale claims and the prejudice that can result."); *In re Lehman Bros. Inc.*, 617 B.R. 231, 247 (Bankr. S.D.N.Y. 2020) ("Courts have held that the doctrine of laches bars attempts to assert [rights] where, as here, a party has unreasonably delayed taking action to assert such rights . . . ."), *aff'd sub nom. In re Lehman Bros. Holdings Inc.*, No. 19-3245, 2021 WL 4127075 (2d Cir. Sept. 10, 2021); *Am. Trucking Associations, Inc. v. New York State Thruway Auth.*, 199 F. Supp. 3d 855, 868 (S.D.N.Y. 2016) (Laches . . . is invoked in circumstances when it would be inequitable to permit a lawsuit because a party has slept on his rights.), *vacated on other grounds*, 238 F. Supp. 3d 527 (S.D.N.Y. 2017), *aff'd*, 886 F.3d 238 (2d Cir. 2018). The Court therefore agrees with Plaintiffs that Defendants waived their ability to raise a laches defense.

In their response to Plaintiffs' objections, Defendants merely argue that reading the Stipulation as waiving a laches defense would lead to an "absurd result," but provides no further reasons as to why. ((ECF no. 185) ("Defs.' Response") at 4.) In any event, a reading of the Stipulation as waiving a laches defense could hardly be considered "absurd" given that the

12

Stipulation also explicitly waives statute of limitations defenses, which similarly bars lawsuits based on the timing of when claims were brought. *See e.g., Capruso v. Vill. of Kings Point,* 23 N.Y.3d 631, 641, 16 N.E.3d 527, 532 (2014) (considering arguments that claims were time-barred under applicable statute of limitations or laches, in the alternative).  Nor would such a reading make ¶ 10 of the Stipulation overly broad, as it only pertains to challenges against a City code, rule or regulation that would require the removal of one or more of the Remaining Billboards without the payment of just compensation.  (*See* Stipulation ¶ 10.)

Though the Court finds that Defendants ultimately cannot assert their laches defense on Count IX, the Court otherwise considers and agrees with Judge Krause's other findings regarding Defendants' laches defenses.

First, the Court rejects Plaintiffs' argument that Count IX, which seeks declaratory judgment over the scope of the Billboard Ordinance, sounds in law and not equity.  Because declaratory judgment actions are inherently neither equitable nor legal, courts look to the kind of action that would have been brought had Congress not provided the declaratory judgment remedy to determine their classification.  *See Petition of Rosenman & Colin*, 850 F.2d 57, 60 (2d Cir. 1988); *Gulfstream Aerospace Corp. v. Mayacamas Corp*., 485 U.S. 271, 284 (1988).  Plaintiffs aver that in the absence of the Declaratory Judgment Act, the "issues would have arisen in the context of an action brought by New Rochelle to enforce its Billboard Code" or alternatively, the action could have also been brought as a takings claim under 42 U.S.C. § 1983, which Plaintiffs argue both sound in law and not in equity.   (*Id*. at 7–8.)  The Court agrees with Defendants, however, in that "[Plaintiffs'] claim for declaratory relief is a precursor to its request for a permanent injunction," which it also seeks as part of the instant motion.  (Defs.' Response at 2.)  Plaintiffs' request is therefore clearly equitable in nature.

Next, Plaintiffs' argument that Defendants cannot avail themselves of a laches defense because of "unclean hands" cannot be considered, as such argument was not presented to Judge Krause in its motion for partial summary judgment. *See Hubbard v. Kelley*, 752 F. Supp. 2d 311, 312–13 (W.D.N.Y. 2009); *see also Pierce v. Mance*, No. 08 Civ. 4736, 2009 WL 1754904, at *1 (S.D.N.Y. June 22, 2009) ("Rule 72(b) does not provide that new claims may be raised in objections to a report and recommendation. Moreover, since new claims may not be raised properly at this late juncture, the petitioner's new claims, presented in the form of, or along with, 'objections,' should be dismissed.") (citations omitted).

Plaintiffs are also incorrect that laches cannot prevail without equitable estoppel. (*See* Pl.'s Objection at 12.) As correctly pointed out by Defendants in their response to Plaintiffs' Objections, equitable estoppel and laches are distinct affirmative defenses with different elements. (Defs.' Response at 6.) Plaintiffs cite to a line of cases indicating that elements of an equitable estoppel defense are required to support a laches defense. (Pl.'s Objections at 12.) However, as Defendants point out, a close reading of those cases indicate that "equitable estoppel" as used in those cases was not in the context relevant here. Those cases pertained to equitable estoppel in a different context, where "[e]quitable estoppel arises when a property owner stands by without objection while an opposing party asserts an ownership interest in the property and incurs expense in reliance on that belief." *Olowofela v. Olowofela*, 204 A.D.3d 821, 822 (2022); *see also Wilds v. Heckstall*, 939 N.Y.S.2d 543, 545–46 (N.Y. App. Div. 2012) (same); *Kraker v. Roll*, 100 A.D.2d 424, 433 (N.Y. App. Div. 1984) (discussing equitable estoppel in real estate context).

Lastly, the Court finds that the R&R correctly determined that Defendants had sufficiently established the elements of their laches defense. In their objections, Plaintiffs for the first time contend that they did not engage in any unreasonable delay in bringing suit because their cause of

14

action was not ripe at the time of the RFP. (Pl.'s Objections at 14.). The Court, as stated already, will not consider completely new arguments that should have been presented to Judge Krause in the first instance. In any event, Defendants show that the RFP and the associated Q&As stated that the City expected Plaintiffs to remove its billboards as of December 31, 2020. (Defs.' Response to Pl.'s Objections at 4 (citing ECF No. 115-1, Ex. D ("Under the current City ordinance all billboards must be removed by 2020."))). In addition, in its objections, Plaintiffs reasserts their arguments made in support of its motion for partial summary judgment that the City "d[id] not provide any evidence that they relied on or were prejudiced by [Plaintiffs'] position." (Pl.'s Objection at 15; MSJ Reply at 6.) Because Plaintiffs simply re-hash their argument, the Court reviews this issue under the clear error standard, and finds that Judge Krause did not err in finding that Defendants raised a question of fact regarding prejudice.

### D. Affirmative Defense of Equitable Estoppel

Defendants object to Judge Krause's finding that Defendants cannot raise an affirmative defense based on equitable estoppel. (Defs.' Objection at 19–21.) Defendants aver that they have a viable equitable estoppel defense because the City had clearly announced it would require Plaintiffs to remove their I-95 Billboards as of December 31, 2020, which allegedly Plaintiffs understood and did not protest when it participated in the RFP process in 2015-2016, and that the City therefore expended significant time, effort, and money contracting with the winner of the RFP to take over the billboard operations in the I-95 corridor. (Defs.' Objection at 20–21.) Defendants argue that the R&R misinterpreted New York law by holding that an "actual misrepresentation is required" by Plaintiffs to establish an equitable estoppel defense, and that "misrepresentations regarding legal opinions or interpretations" do not qualify. (*See* R&R at 19.) Defendants also

state that the doctrine of equitable estoppel only requires "reliance and prejudice; it does not require the existence of fraud or an intent to deceive." (Defs.' Objection at 19.)

Applying *de novo* review of this issue, the Court agrees with the R&R that Defendants fail to raise a viable affirmative defense based on equitable estoppel. In order to establish an affirmative defense under equitable estoppel, it is clear that Defendants must show "(1) that the [P]laintiff made a material misrepresentation, (2) upon which the Defendant[s] relied, (3) to [their] detriment*.*" *See Fed. Trade Comm'n v. Consumer Health Benefits Ass'n*, No. 10CIV3551ILGRLM, 2011 WL 13295634, at *6 (E.D.N.Y. Oct. 5, 2011) (internal citation and quotation omitted.). A party must have made "an actual misrepresentation or, if a fiduciary, [must have] concealed facts which [the party] was required to disclose . . . ." *Koral v. Saunders*, 36 F.4th 400, 409–10 (2d Cir. 2022) (quotation marks omitted).

Here, Defendants fail to raise any actionable misrepresentation by Plaintiffs. At most, Defendants appear to argue that Plaintiffs concealed their understanding of their legal rights under the Stipulation, but Defendants fail to explain how that could constitute a misrepresentation under the equitable estoppel doctrine. *Coggins v. Cnty. of Nassau*, 615 F. Supp. 2d 11, 23 n.4 (E.D.N.Y. 2009) ("If this issue is simply a dispute over the legal interpretation of the relevant state statutes, then equitable estoppel is inapplicable."); *In re Zarro*, 268 B.R. 715, 722 (Bankr. S.D.N.Y. 2001) ("an opinion or misrepresentation of law will not suffice" for equitable estoppel).

Nor does any purported "silence" mean that Defendants can raise an equitable estoppel defense, as Defendants do not contend, nor could they, that Plaintiffs had a duty (much less a fiduciary duty) towards Defendants requiring disclosure of an intention to sue if forced to remove the I-95 Billboards. *See Gaia House Mezz LLC v. State St. Bank & Tr. Co.*, 720 F.3d 84, 90 (2d Cir. 2013) ("silence does not give rise to a claim of equitable estoppel when the party has no duty

to speak."); *Koral v. Saunders*, 36 F.4th 400, 409–10 (2d Cir. 2022) ("The doctrine requires proof that the defendant made an actual misrepresentation or, if a fiduciary, concealed facts which he was required to disclose.") (internal quotation marks omitted).

### E. Other Affirmative Defenses Raised by Defendants

The parties filed no objections to Judge Krause's rejection of Defendants' argument that (i) the Court should delay in rendering a decision pursuant to Fed. R. Civ. P 56(d) and (ii) that summary judgment should be denied for the practical reasons that the City could amend its Code to explicitly require removal of the I-95 Billboards. (R&R at 30–32.) Without any specific objections, the Court reviews the R&R for clear error as to the denial of these two affirmative defenses raised, *Harris*, 2008 WL 772568, at *6, and finds none.

### CONCLUSION

For the foregoing reasons, the Court REVERSES the R&R's finding that Defendants' affirmative defense of laches was not waived under the Stipulation, but otherwise ADOPTS Judge Krause's R&R. Because the Court finds that Defendants waived their laches defense, the Court therefore GRANTS Plaintiff's motion for partial summary judgment. The Clerk of the Court is kindly directed to terminate the motion at ECF No. 97.

Dated: October 20, 2022
       White Plains, NY

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE