# SIDLEY

SIDLEY AUSTIN LLP
1501 K STREET, N.W.
WASHINGTON, D.C. 20005
+1 202 736 8000
+1 202 736 8711 FAX

AMERICA • ASIA PACIFIC • EUROPE

+1 202 736 8760
GTODD@SIDLEY.COM

April 6, 2023

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/6/2023

**By ECF**
Hon. Nelson S. Román
United States District Judge
Charles L. Brieant Jr. Federal Building and U.S. Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

**MEMO ENDORSED**

Re:   *Clear Channel Outdoor v. City of New Rochelle*, No. 7:20-cv-9296 (NSR) (AEK)

Dear Judge Román:

In connection with Clear Channel's Motion for Summary Judgment and Opposition to Defendants' Cross-Motion for Summary Judgment, Clear Channel respectfully requests that this Court allow Clear Channel to file an unredacted copy of its Statement of Undisputed Material Facts ("SUMF") and Exhibits 8, 28–30, 40, 42, 45, and 53 under seal. Clear Channel requests leave to file these documents under seal because they contain confidential and proprietary business information, and were produced in discovery as confidential under the Protective Order, ECF No. 52. Defendants do not oppose Clear Channel's request.

In this district, sealing judicial filings involves weighing the presumption of access to judicial records against the private confidentiality interests at stake. *See, e.g.*, *Caxton Int'l Ltd. v. Rsrv. Int'l Liquidity Fund, Ltd.*, No. 09 CIV. 782 (PGG), 2009 WL 2365246, at *2 (S.D.N.Y. July 30, 2009). Here, Clear Channel seeks to seal only limited information containing confidential and proprietary business information, including financial records, private information about third parties (*e.g.*, Clear Channel's landlords), information about other contracts not at issue in this litigation, and competitive intelligence. All of this information is kept strictly confidential by Clear Channel in the ordinary course of business, and sealing this information will not in any way impede the public's ability to understand the bases for the Court's eventual ruling. Indeed, mindful of the presumption of public access to court filings, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006), Clear Channel does not seek to seal any portion of its briefs or the vast majority of its exhibits, including several exhibits that were initially marked as confidential. Rather, Clear Channel narrowly tailors its sealing request to comprise only the following:

Sidley Austin (DC) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.

# SIDLEY

*Clear Channel Outdoor, LLC v. City of New Rochelle, et al.*, No. 7:20-cv-9296
Page 2

| Document | Public ECF | Sealed ECF | Basis to Seal |
|---|---|---|---|
| SUMF | 212 | 214 | Paragraph 66 of the SUMF, repeated in the response and reply, contains the terms of Clear Channel's New Rochelle leases, including the lease term and lessor information. This information is considered by Clear Channel to be a trade secret. *Cf., e.g., Thin Film Lab, Inc. v. Comito*, 218 F. Supp. 2d 513, 521–22 (S.D.N.Y. 2002).[1] |
| SUMF Response | 219 | 222 | |
| SUMF Reply | 226 | 229 | |
| Ex. 8 | 213-9 | 215-1 | Clear Channel's responses to the City's interrogatories, several of which contain confidential business information, such as the costs of operating billboards in New Rochelle, the fair market value of its signs, the terms of its leases in New Rochelle, and the identity of its landlords. |
| Ex. 28 | 213-29 | 215-2 | The parties' expert reports, which include detailed commercial information about Clear Channel's New Rochelle billboard inventory. |
| Ex. 29 | 213-30 | 215-3 | |
| Ex. 30 | 213-31 | 215-4 | List of Clear Channel's customers who have purchased advertising space on its New Rochelle billboard inventory. Disclosure of this information, which is a Clear Channel trade secret, could undermine Clear Channel's competitive standing in the market. |
| Ex. 40 | 213-43 | 215-5 | Non-party Outfront Media's New Rochelle billboard revenue information, which the City produced on an Attorney's Eyes Only basis.[2] |
| Ex. 42 | 213-45 | 215-6 | Confidential internal communications related to Clear Channel's strategic plans in New Rochelle and other markets. |
| Ex. 45 | 213-48 | 215-7 | |
| Ex. 53 | 228-7 | 231-1 | |

    These documents reflect business and "marketing plans, revenue information, pricing information," and customer lists, all of which are "sensitive and potentially damaging if shared with competitors." *Tyson Foods, Inc. v. Keystone Foods Holdings, Ltd.*, No. 1:19-CV-010125

---

[1] Clear Channel filed at ECF No. 211 a public version of its Rule 56.1 Statement containing redactions to Paragraphs 64 and 65. Those paragraphs do not require sealing, and Clear Channel accordingly filed a corrected public version of this document at ECF No. 212.
[2] Clear Channel does not challenge the City's assertion of confidentiality for purposes of this motion, but reserves the right to introduce this information at trial without sealing the courtroom.

# SIDLEY

*Clear Channel Outdoor, LLC v. City of New Rochelle, et al.*, No. 7:20-cv-9296
Page 3

(ALC), 2020 WL 5819864, at *2 (S.D.N.Y. Sept. 30, 2020). As such, courts commonly find that these documents overcome the presumption of public access because release would be commercially damaging. *See Hypnotic Hats, Ltd. v. Wintermantel Enterprises, LLC*, 335 F. Supp. 3d 566, 600 (S.D.N.Y. 2018) (sealing documents filed in connection with motion for summary judgment that contained Defendants' customer lists); *Tropical Sails Corp. v. Yext, Inc.*, No. 14 CIV. 7582, 2016 WL 1451548, at *5 (S.D.N.Y. Apr. 12, 2016) (sealing documents related to "marketing and business development activities").

There are no countervailing factors present that warrant denying Clear Channel's motion. This case does not involve matters of public health and safety or issues of widespread public concern. *See Gelb v. AT&T Co.*, 813 F. Supp. 1022, 1035 (S.D.N.Y. 1993) (countervailing factors include cases involving public health and safety and matters impacting large portions of the public). At its core, this is a commercial dispute between Clear Channel and the City, and the sealed information will not undermine the public's ability to understand the parties' dispute and the bases for the Court's eventual decision.

Clear Channel therefore respectfully requests that the Court grant its motion to seal.

Respectfully submitted,

/s/ Gordon D. Todd
Gordon D. Todd
*Counsel for Clear Channel Outdoor, LLC*

cc:   All counsel of record (by ECF)

The Court GRANTS Plaintiff's request to file the documents indicated herein under seal.

The Court respectfully directs the Clerk of Court to place ECF No. 214, 222, 229, 215-1; 215-2; 215-3; 215-4; 215-5; 215-6; 215-7; and 231-1 under seal, accessible only to the Court and the parties.

The clerk of hte Court is kindly directed to terminate the motion at ECF No. 239 and 208.

SO ORDERED:

Dated: April 6, 2023
White Plains, NY

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE